UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RONNIE GREGORECZ,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV2051MLM |
| ) | |
| **NES RENTALS HOLDINGS, INC. et al,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Remand filed by Plaintiff Ronnie Gregorecz ("Plaintiff"). Doc. 7. Defendant NES Rentals Holdings, Inc. ("NES") has filed a Response. Doc. 20. Defendant JLG Industries, Inc., ("JLG") also filed a Response. Doc. 21. Plaintiff filed a Reply. Doc. 22. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 16.

## BACKGROUND

Plaintiff filed a Complaint in State court on November 7, 2007, against Defendants Rick Jones, NES, and JLG. In his Complaint Plaintiff alleges, in relevant part, that on June 1, 2007, he was operating a scissor lift which he rented from NES and Jones; that JLG manufactured the scissor lift; that NES and Jones supplied the scissor lift to Plaintiff for his use; that the scissor lift had a defect; that NES and Jones were aware of the defect; that NES and Jones failed to correct the defect or have the defect corrected; that NES and Jones continued to rent the scissor lift to customers after they were made aware of the defect; that the scissor lift failed, collapsed, and dropped Plaintiff approximately twenty-five feet; that Plaintiff suffered injuries as a result of his fall; and that the defect in the scissor lift was the proximate cause of Plaintiff's injuries. In Count III of his Complaint Plaintiff

alleges that Jones is liable based on his negligent supply of a dangerous instrumentality, the scissor lift, and in Count IV Plaintiff seeks punitive damages from Jones based on Count III.

Pursuant to 28 U.S.C. § 1441(b), on December 13, 2007, JLG removed this matter to the Federal District Court for the Eastern District of Missouri. In its Notice of Removal JLG alleges that Jones was fraudulently joined as a defendant and that, therefore, this court has jurisdiction based on diversity of the parties. Plaintiff has moved to remand this matter on the ground that complete diversity does not exist because Jones is a proper party defendant.[1] In response to Plaintiff's Motion to Remand NES and JLG have provided an affidavit from Jones in which he states that he is an employee of NES; that his position with NES is rental manager; that in his capacity as rental manager he answers the telephone and fills out and completes paper work for rentals; that his role in connection with the scissor lift at issue was "to input the request made by Plaintiff's employer to rent the subject scissor lift into" NES's computer system; that the Rental Agreement for the scissor lift lists his name as the individual who entered the information pertaining to the rental into NES's computer system; that he has no decision-making role in regard to which equipment is acquired, kept or maintained by NES; that he has no ownership interest in the scissor lift at issue or in NES; that he has no right to possess, lease, rent or otherwise supply the scissor lift at issue to others outside the course and scope of his employment with NES; and that he received no consideration from Plaintiff or his employer for the rental of the scissor lift.

---

[1] According to Plaintiff's Complaint, Plaintiff is a Missouri resident, NES is a Delaware corporation licensed to do business in Missouri, Jones is a Missouri resident, and JLG is a Pennsylvania corporation with it principal place of business in Pennsylvania.

2

# LEGAL FRAMEWORK

**A.    Fraudulent Joinder:**

1.    28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions when a matter in controversy...is between (1) citizens of different states." The party seeking the federal forum has the burden of pleading diversity of citizenship of the parties, Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997), and the burden of establishing diversity jurisdiction by a preponderance of the evidence. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992); Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990); Russell v. New Amsterdam Cas. Co., 325 F.2d 996, 997 (8th Cir. 1964). "[A]ll doubts about federal jurisdiction [are resolved] in favor of remand." Transit Cas. Co v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

2.    The court in Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 403-404 (8th Cir. 1977), held, in regard to diversity, where there are multiple plaintiffs and/or defendants that "a federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants."

3.    28 U.S.C. § 1441 sets forth the grounds for removal from state court to federal court. Section 1441(a) provides, in pertinent part, that "any civil action brought in State court of which [federal district courts] have original jurisdiction, may be removed by the defendant" to federal district court.

4.    Fraudulent joinder of a non-diverse party does not prevent removal. Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). See also BP Chemicals Ltd. v. Jiangsu Sopo Corp, 285 F.3d 677, 685 (8th Cir. 2002) (holding that a defendant's right of removal based on diversity of citizenship may not be defeated by fraudulently joining a non-diverse party). Further, "'[j]oinder is

fraudulent and removal is proper when there exists no reasonable basis in fact and law'" to support a claim against the defendant whose joinder would preclude removal. Id. (quoting Wiles v. Capitol Indem, Corp., 280 F.3d 868, 871 (8th Cir. 2002)). "Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003). The Eighth Circuit articulated in Filla considerations relevant to determining whether joinder is fraudulent and held as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir.1977) (emphasis added). However, if there is a "colorable" cause of action-that is, if the state law might impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder. See Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc., 92 F.Supp.2d 891, 903 (N.D. Iowa 2000).

Id.

Upon "determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved ... [a] district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Filla, 336 F.3d at 811 (citing Fields v. Pool Offshore, Inc., 182 F.3d 353, 357 (5th Cir. 1999)).

**B.    Applicable Missouri Law - Negligent Supply of a Dangerous Instrumentality**:

Under Missouri law to state a claim for supplying a dangerous instrumentality a plaintiff must allege as follow:

1) the defendant *supplied* the dangerous instrumentality for use; and

2) the dangerous instrumentality had a defect or hazard, and was therefore dangerous when put to a reasonably expected use; and

3) the dangerous instrumentality was put to a reasonably expected use; and

4

4) the defendant knew, or in the exercise of reasonable care could have known of the dangerous condition; and

5) defendant failed to exercise ordinary to either make the condition reasonably safe or adequately warn of it; and

6) as a direct result of such failure, plaintiff sustained damage.

Bland v. IMCO Recycling, Inc., 67 S.W.3d 673, 682-83 (Mo. Ct. App. 2002) (emphasis added) (citing MAI 25.10(B) (5th Ed.).

In regard to whether a defendant is a "supplier" of a dangerous instrumentality Missouri courts rely on § § 388 and 392 of the Restatement (Second) of Torts and the related Comments. See e.g., Morris v. Shell Oil Co., 467 S.W.2d 39 (Mo. 1971). Section 388, Comment c provides:

> Persons included as "suppliers." The rules stated in this Section and throughout this Topic apply to determine the liability of any person who for any purpose or in any manner gives possession of a chattel for another's use, or who permits another to use or occupy it while it is in his own possession or control, without disclosing his knowledge that the chattel is dangerous for the use for which it is supplied or for which it is permitted to be used. These rules, therefore, apply to *sellers, lessors, donors, or lenders*, irrespective of whether the chattel is made by them or by a third person. They apply to all kinds of bailors, irrespective of whether the bailment is for a reward or gratuitous, and irrespective of whether the bailment is for use, transportation, safekeeping, or repair. They also apply to one who undertakes the repair of a chattel and who delivers it back with knowledge that it is defective because of the work which he is employed to do upon it. (See § 403.)

(emphasis added).

Comment a to § 392 states, in relevant part:

> The rules stated in §§ 388-390 determine the liability of those who for any purposes supply a chattel for the use of others. They, therefore, apply to determine the liability of a person who supplies a chattel for a use by others in which *he or the others have a business interest*, with knowledge that it is or is likely to be dangerous for its intended use. (See § 391.) This Section states the rule under which a peculiar liability is imposed upon one supplying chattels for another's use because of the fact that the use is one in which the *supplier has a business interest*.

(emphasis added).

Comment c to § 392 states, in relevant part:

Ownership of chattel immaterial. In order that the rule stated in this Section shall apply, it is not necessary that the chattel be owned by the one who supplies it. It may be leased to him or borrowed by him. It is enough that he has had *possession or control* of it for the purpose of using it in connection with his business, and that he has supplied it for such purpose.

(emphasis added).

**C.     Application of Law to the Facts:**

The first element of the tort of negligently supplying a dangerous instrumentality requires that Jones be a "supplier." NES and JLG contend that Jones is not a supplier and that, therefore, his joinder is fraudulent. Plaintiff's joinder of Jones as a defendant is fraudulent if there is no reasonable basis in fact and in law for Plaintiff's cause of action against Jones. See BP Chemicals, 285 F.3d at 685. In order to determine whether there is such a basis the court must consider Missouri substantive law applicable to Plaintiff's claim that Jones negligently supplied a dangerous instrumentality. See Filla, 336 F.3d at 811. See e.g., Reeb v. Wal-Mart Stores, Inc., 902 F. Supp. 185 (E.D. Mo. 1995).[2]

First, Comment c to § 388 of the Restatement of Torts specifies that a supplier for purposes of supplying a dangerous instrumentality is a seller, lessor, donor, or lender; Jones is none of these as he functioned only as a clerk in regard to the rental of the scissor lift. Second, Comment a to § 392 specifies that a supplier "or the others have a business interest" in the dangerous instrumentality. In

---

[2]     Reeb, 902 F. Supp. 185, is a premises liability case where the plaintiff sued Wal-Mart and its employee. Upon concluding that joinder of the employee in Reeb was fraudulent the district court considered that an employee can be liable under a premises liability theory where he assumes "full and complete control of his employer's premises." Id. at 188. Based on the *facts* of that case and the *applicable substantive law*, the court concluded that the employee did not have the requisite full and complete control of his employer's premises. In particular, the employee "had only been in the store for three days as manager prior to the alleged accident, [] she had not gone through [] area [where the plaintiff fell during the relevant period], [] she had no prior knowledge of the alleged defective condition of the carpet, and [] she was not in the store nor on duty as the manager at the time of the alleged accident." Id. at 189.

6

the context of Comment a, however, the term "the others" refers to the person or persons who are to use the dangerous instrumentality. To the extent that Comment a to § 392 is ambiguous regarding whether a supplier have a business interest, the last sentence of that section resolves this ambiguity as it specifically requires that a supplier have a business interest in the dangerous instrumentality. Because Jones is merely an employee of NES who received no compensation for the rental of the scissor lift and who had no ownership interest in the scissor lift, Jones had no business interest in the scissor lift. Third, Comment c to § 392 requires that a supplier have possession or control of the alleged dangerous instrumentality.[3] Jones had no decision making role in regard to the acquisition, purchase, and rental of the scissor lift nor did he have an ownership interest in it. Jones's role was to do nothing more than complete the paper work relevant to the rental of the scissor lift. Jones, therefore, did not have possession or control of the scissor lift as required by Comment c for an individual to be a supplier of a dangerous instrumentality. As such the court finds that there is no reasonable basis in fact and law that Jones is a supplier of a dangerous instrumentality as defined by Missouri law and that, therefore, Jones's joinder in the matter under consideration is fraudulent. See Filla, 336 F.3d at 810; BP Chemicals, 285 F.3d at 685. Under such circumstances his joinder does

---

[3] Plaintiff cites State ex rel. Malone v. Mummert, 889 S.W.2d 822 (Mo. 1994) (en banc), in support of his position that Jones is a supplier within the definition of supplier applicable to the negligent supply of a dangerous instrumentality under Missouri law. In Malone the plaintiff was injured when a tarp strap which he bought at a hardware store broke. The plaintiff alleged that two persons who *owned fifty percent of the store* from which the plaintiff bought the tarp strap selected and ordered a tarp strap and that the owners had the requisite control to be suppliers within the meaning of § 388 of the Restatement. Upon reaching the conclusion that the store owners were not fraudulently joined the court considered that the owners were responsible for the management of the store at issue, including product selection and advice to customers. Significantly, the court in Malone did not address the requirement that a supplier have a business interest in the alleged dangerous instrumentality. Unlike Jones, the *store owners* in Malone, obviously, had the requisite business interest. Malone, moreover, is distinguishable from the matter under consideration as Jones did not give advice to Plaintiff's employer in regard to the rental of the scissor lift; he merely completed the relevant paper work.

not prevent removal to federal district court. See Filla, 336 F.3d at 810; BP Chemicals, 285 F.3d at 685; Anderson, 724 F.2d at 84.

## CONCLUSION

For the reasons articulated above the court finds that Jones is fraudulently joined in the matter under consideration; that complete diversity exists; that this court has jurisdiction pursuant to 28 U.S.C. § 1332(a); and that, therefore, Plaintiff's Motion to Remand should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**; Doc. 7.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of February, 2008.